United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Dawn Barclay-Ross and others, <br> Plaintiffs, <br> <br> v. <br> <br> Arsenio Ippolito and others, <br> Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 22-21348-Civ-Scola <br> ) <br> ) <br> ) |

**Order Authorizing Alternate Service of Process**

  This matter is before the Court upon the Plaintiffs' Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) (ECF No. 29) seeking this Court's authorization to effectuate service of process by email. For the reasons stated herein, the Court **grants** the motion. (**ECF No. 29**.)

  **1. Background**

  On April 30, 2022, Plaintiffs Dawn Barclay-Ross, Future Health Global, LLC, Future Health Live, Ltd, and Future Health Global Response, Ltd., filed the instant civil action for fraud, civil theft, and related claims, alleging that the Defendants, through electronic and other communications, engaged the Plaintiffs in a fraudulent joint venture regarding the global sale of medical products manufactured in China. (ECF No. 1.) On September 23, 2022, the Plaintiffs filed an amended complaint with leave of the Court, which added additional Defendants. (ECF No. 26.)

  In their Motion, the Plaintiffs request an order authorizing service of process on the Foreign Defendants[1] by email service. The Plaintiffs pleaded that electronic service by these means is sufficient to provide notice to the Defendants, who reside in or operate from the United Kingdom, Italy, Switzerland, India, and the United Arab Emirates, and who have established

---

[1] Some of the Defendants are located in the United States; the Plaintiffs seek alternate service of process only on the Foreign Defendants. The Foreign Defendants consist of the following: Jai Verma (located in the United Arab Emirates); Protecti Health Solutions DMCC (United Arab Emirates); ; Arsenio Ippolito (United Kingdom); Giadistar, Ltd. (United Kingdom); Luigi Maselli (Italy); Hexatree Research Labs, LLC (Italy); Sandro Soriano (Italy); Nevia Biotech, SRL (Italy); Vivimed Labs Ltd. (India); Finoso Pharma Pvt. Ltd. (India); Enso Healthcare LLP (India); Enso Healthcare DMCC (United Arab Emirates); The Enso Group (India); Vinay Maloo (India); Marco Illy (Switzerland); and The Medical Supply Company of Switzerland (MSCS) Ltd (Switzerland). (Mot. ¶¶ 22, 29-33, 37-45, 46-56, 57-70, 75, 76-84, 85-94, 95-106.)

Internet-based businesses and utilize electronic means as reliable forms of contact. (Mot., ECF No. 29, ¶ 6; Decl. of H. Milne, ECF No. 29-1, ¶¶ 17-19.) The Plaintiffs establish that serving these Defendants through traditional service of process in these jurisdictions will cost upwards of $25,000 to $30,000 and may take "a year or more" to complete service on all of the foreign Defendants. (Decl. of H. Milne, ¶¶ 18-19.) Plaintiff Barclay-Ross further confirms that she has interacted with the foreign Defendants regularly by email, at the email address where the Plaintiffs seek to serve process electronically, for "a period of several months" prior to the filing of this suit. (Decl. of D. Barclay-Ross, ECF No. 29-2, ¶ 12.) The Plaintiffs additionally establish that they have been diligently seeking to obtain the addresses of the foreign Defendants, but they have not obtained all of the foreign Defendants' addresses and they expect that "at least some of the [D]efendants will no longer be at the addresses where they are currently believed to reside" by the time the Plaintiffs can serve translated copies of the amended complaint. (Decl. of H. Milne, ¶¶ 20-24.)

### 2. Analysis

Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Service pursuant to Rule 4(f)(3) is neither "a last resort nor extraordinary relief." *See Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). All that is required is that the proposed service is not prohibited by international agreement and such service comports with Constitutional due process, meaning that it is "reasonably calculated" to provide the defendants notice and an opportunity to defend. *See Rio Props.*, 284 F.3d at 1016; *see also Chanel, Inc. v. Zhixian*, No. 10-cv-60585, 2010 WL 1740695, at *2–3 (S.D. Fla. Apr. 29, 2010) (Cohn, J.).

The Hague Convention does not expressly preclude service by email.[2] *See Louis Vuitton Malletier v. Individuals, P'ships and Uninc. Ass'ns.*, No. 20-61122-CIV, 2020 WL 4501765, at *1 (S.D. Fla. June 9, 2020) (Altonaga, C.J.) And where, as here for certain of the Defendants, the address of the person to be served is not known, alternative service is not prohibited by international agreement. *See Mycoskie, LLC v. 1688best*, No. 18-cv-60925, 2018 WL 4775643, at *1 (S.D. Fla. July 2, 2018) (Moore, J.) ("Article 1 of the Hague Service Convention states that '[t]his Convention shall not apply where the address of the person to be served with the document is not known.'"). Service of process by email has been upheld in circumstances similar to those here.

---

[2] The United Arab Emirates is not a signatory to the Hague Convention. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 658 U.N.T.S. 163.

*See, e.g., Rio Props.*, 284 F.3d at 1018 ("When faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process."); *see also Louis Vuitton*, 2020 WL 4501765, at *2 (holding that service by email and website posting is permitted where the defendants "conduct[] their businesses over the Internet," "use[] email regularly in their businesses," and the plaintiff shows that email is "likely to reach defendants").

Here, the Foreign Defendants each have at least one known and valid form of electronic contact, and the Plaintiff has previously communicated with the Foreign Defendants at those email addresses. (Decl. of D. Barclay-Ross, ¶ 12.)

Service by email is therefore reasonably calculated, under all circumstances, to apprise the Defendants of the pending action and afford them an opportunity to respond. Moreover, these are the most likely means of communication to reach the Defendants, who operate via the Internet and rely on electronic communications for the operation of their businesses. *See Tiffany (NJ) LLC v. Dorapang Franchise Store*, No. 18-cv-61590, 2018 WL 4828430, at *3 (S.D. Fla. July 17, 2018) (Ungaro, J.).

For these reasons, the Court **grants** the Plaintiffs' motion. (**ECF No. 29**.) The Plaintiffs are permitted to serve the Summonses, Complaint, and all other filings and discovery in this matter upon each Foreign Defendant by sending emails to each Foreign Defendant via the email accounts identified in Paragraph 12 of the Declaration of Dawn Barclay-Ross and Paragraph 22 of the Declaration of Hendrik G. Milne. The Plaintiffs shall file an email delivery confirmation, under Federal Rule of Civil Procedure 4(l)(2)(B), as proof of service for each Foreign Defendant.

**Done and ordered** at Miami, Florida, on October 21, 2022.

_____
Robert N. Scola, Jr.
United States District Judge