United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Dawn Barclay-Ross and others, ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> Arsenio Ippolito and others, ) <br> Defendants. ) | Civil Action No. 22-21348-Civ-Scola |

## Order

    This matter is before the Court on an independent review of the record. Because the Corporate Plaintiffs (Future Health Global, LLC, Future Health Live Ltd., and Future Health Global Response, Ltd.) have failed to retain counsel, or notify the Court of retention of counsel, and having reviewed the record and the relevant legal authorities the Court **dismisses** their claims without prejudice. Additionally, the Court **vacates** the stay entered on December 8, 2023. (**ECF No. 53**.)

    On December 9, 2022, the Court granted the Plaintiffs' then-counsel's motion to withdraw and stayed this matter until January 6, 2023, to allow the Plaintiffs time to obtain new counsel. (Order Granting Withdrawal and Entering Stay, ECF No. 53.) Plaintiff Dawn Barclay-Ross opted to proceed pro se, but was unable to obtain new counsel for the Corporate Plaintiffs, so requested an extension of time to obtain new counsel for those entities. (Mot. for Ext. of Time to Obtain New Counsel, ECF No. 61.) The Court granted her requested extension, extending the stay and allowing the Corporate Plaintiffs until January 23, 2023, to obtain new counsel. (Order Granting Mot. for Ext. of Time, ECF No. 67.) The January 23, 2023, deadline for the Corporate Plaintiffs to retain new counsel has now passed. The Corporate Plaintiffs have either not obtained new counsel or have not informed the Court if they have done so, even though the deadline to do so expired more than a week ago.

    Accordingly, the Court must dismiss the claims of the Corporate Plaintiffs. Corporate entities may not proceed pro se. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). The Court notified the Corporate Plaintiffs that their failure to obtain new counsel would result in the dismissal of their claims. (ECF Nos. 53, 61.) The Corporate Plaintiffs have failed to follow the Court's orders directing them to obtain new counsel, and the Court does not believe that any sanction other than dismissal is appropriate, both because the Corporate Plaintiffs have ignored multiple clear orders and because they may not proceed

pro se, regardless. *See Powell v. Siegal*, 447 F. App'x 92, 94 (11th Cir. 2011) ("Rule 16(f) authorizes a court to impose sanctions, including dismissal under Rule 37(b)(2)(A)(v), if a party fails to obey a pretrial order."); *see also Palazzo*, 764 F.2d at 1385.

Separately, the Court must now address several scheduling matters. First, Plaintiff Dawn-Barclay Ross is directed to respond to the pending motions to dismiss no later than **February 14, 2023**. Second, the parties are directed to meet and confer regarding the required discovery and scheduling conference no later than **February 7, 2023**, and to submit their joint discovery plan and conference report no later than **February 14, 2023**, including their proposed case schedule, in accordance with the Court's order of May 2, 2022. (ECF No. 4.) Failure to follow these orders **will** result in further sanctions, up to and including the striking of a party's pleadings or dismissal of this case. *Cf. Powell*, 447 F. App'x at 94.

For the reasons stated above, the Court **vacates** the stay and **dismisses**, albeit without prejudice, the claims of Plaintiffs Future Health Global, LLC, Future Health Live Ltd., and Future Health Global Response, Ltd.

The Clerk is directed to **mail** a copy of this order to the Plaintiffs at the address listed below.

**Done and ordered**, in Miami, Florida, on January 31, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies via U.S. Mail to*:

Dawn Barclay-Ross, Future Health Global, LLC, Future
Health Live Ltd., and Future Health Global Response, Ltd.
Attn: Dawn Barclay-Ross
601 21st Street
Vero Beach, FL 32960